ANNA MARGULIES, petitioner,

v.

JOSEPH MARGULIES, defendant.

[Decided December 29th, 1920.]

The continuity of a husband's willful and obstinate desertion of his wife is not interrupted by his draft into the army.

On petition for divorce.

*Mr. Charles M. Myers,* for the petitioner.

*Mr. Edward Schoen,* for the defendant.

BACKES, V. C.

This petition for divorce, filed April 28th, 1920, charges the defendant with "willful, continued and obstinate desertion for the term of two years." The desertion took place April 14th, 1918. Shortly thereafter the defendant was drafted into the army and served eight months. The proofs show, unmistakably, that the desertion was willful and obstinate throughout, and the only question is whether the involuntary military service interrupted the continuity. During the short married career of the young couple, and up until the desertion, the defendant treated his wife brutally, and after his discharge, and up until the commencement of this suit, he ignored her utterly. While in the service he experienced no change of heart.

Willfulness and obstinacy are conditions of mind, and if constant for a period of two years after the abandonment, physical restraint of the deserter during that time is an immaterial incident. As was said by Chancellor McGill in *Hyland* v. *Hyland,* *55 N. J. Eq. 35:* "The gravamen of the desertion contemplated by the third section of our Divorce act, is not the mere physical

absence of one of the married couple from the other, but such absence in a prescribed condition of mind—a willful and obstinate absence. The continuance of the offence, if the indicated condition of mind continues to exist in the deserter, is not interrupted by his deprivation of physical freedom." In *Hews* v. *Hews, 7 Gray (Mass.) 279,* the defendant was imprisoned a number of times during the running of the statutory period of desertion, and in the intervals between the several confinements he did not return to his wife nor contribute anything towards her support. A divorce was granted, the court holding that there was an intent to separate, not for a period, but perpetually, and that the desertion was independent of the imprisonment.

The cases in the English divorce court hold the test to be the intent of the deserter, and that physical restraint, during the period of absence, is of no consequence.

In *Drew* v. *Drew, 13 P. D. 97,* the husband left to escape arrest. He was brought back and sentenced to penal servitude. It was found that the circumstances under which he left constituted desertion, and it was held that the desertion continued, notwithstanding that he was in custody and prevented by his imprisonment from returning to his wife.

In *Wynne* v. *Wynne (1898), P. D. 18,* the husband absconded to avoid a criminal charge. The court held that over and above his main object, which was to hide, there was also the other object, to desert his wife, and, quoting from *Drew* v. *Drew,* "that he was obliged to fly from his creditors does not exclude the idea that he also intended to desert his wife. * * * The evidence leads to this conclusion, that at the time he endeavored to avoid being arrested he also availed himself of that opportunity to desert his wife."

In *Townsend* v. *Townsend, 3 P. & D. 129,* the imprisonment was held not to support a divorce on the ground of desertion, for the reason that the original withdrawal was with the knowledge and consent of the petitioner.

Distinction is also to be noted between cases where the imprisonment is the cause of the separation and where the imprisonment occurs after the desertion.

Section 31 of the Divorce act (*Comp. Stat. p. 2041*) is simply declaratory of legal principles, except that it introduces a modification, that contrition during restraint does not interrupt the continuity of the desertion. It provides that

"Willful and obstinate desertion shall be regarded, held and construed to be 'continued' within the meaning of this act, notwithstanding that after such desertion has or shall have begun, the deserting party has or shall have been imprisoned in this or any other state or country upon conviction by due process of law for a crime, misdemeanor or offence, not political, committed in this or any other state or country, *or for any other reason, shall have been under restraint, either by due process of law or his or her voluntary act.*"

Whether service in the army, after the desertion commences, is through conscription, *i. e.,* due process of law, or enlistment, the statute is entirely dispositive of the defendant's contention that the period of restraint is not to be reckoned as part of the two years of desertion.

There will be a decree of divorce.