## Kirby *v.* Kirby, Appellant.

*Contracts—Statute of frauds—Oral promise to pay the debt of another—Valid contract.*

An oral agreement by the widow and son of an intestate decedent to pay a note of decedent's in consideration of the holder's forbearance to sue is not within the statute of frauds, where from the fact that the whole of decedent's estate passed to the promisors it is to be inferred that their leading object in making the promise was to subserve an interest of their own.

Argued Jan. 12, 1915. Appeal, No. 128, Jan. T., 1914, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1911, No. 1479, on verdict for plaintiff, in case of Edgar Kirby v. Elwood R. Kirby and Sarah A. Kirby. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Assumpsit on an oral promise to pay a decedent's debt. Before BREGY, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,748.50 and judgment thereon. Defendants appealed.

*Errors assigned* were instructions to the jury, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*Henry S. Bornman,* with him *Joseph A. McKeon* and *Samuel P. Rotan,* for appellants.—The contract, upon which the action was brought was within the statute of frauds: Maule v. Bucknell, 50 Pa. 39; Pizzi v. Nardello, 209 Pa. 1; McWilliams App., 117 Pa. 111; Claghorn's Est. (No. 1), 181 Pa. 600; Claghorn's Est. (No. 2), 181 Pa. 608; Lewis v. Lewis Lumber Mfg. Co., 156 Pa. 217; Dougherty v. Bash, 167 Penna. 429; Rancil v. Krohne, 31 Pa. Superior Ct. 130; Stouffer v. Jackson, 42 Pa.

Superior Ct. 450; Townsend v. Long, 77 Pa. 143; Weber v. Bishop, 12 Pa. Superior Ct. 51; Baxter v. Hurlburt, 15 Pa. Superior Ct. 541; Duncan v. Shaw, 17 Pa. Superior Ct. 225; Miller v. Long, 45 Pa. 350; Jack v. Morrison, 48 Pa. 113; Riland v. Schaeffer, 45 Pa. Superior Ct. 636; Stoudt v. Hine, 45 Pa. 30; Okeson's App., 59 Pa. 99; Smith v. Carroll, 112 Pa. 390; Burt v. Herron's Executors, 66 Pa. 400.

*Hugh Roberts,* for appellee.—The promise upon which the action was brought was not collateral but an original undertaking: Burr v. Mazer, 2 Pa. Superior Ct. 436; Malone v. Keener, 44 Pa. 107; Fehlinger v. Wood, 134 Pa. 517; Elkin v. Timlin, 151 Pa. 491; Klein v. Rand, 35 Pa. Superior Ct. 263.

OPINION BY MR. CHIEF JUSTICE BROWN, February 8, 1915:

When R. J. Kirby died, in December, 1900, he was indebted to Edgar Kirby, the plaintiff below and appellee, in the sum of $1,300, on a note dated April 13, 1896. He died intestate, leaving to survive him a widow and one son, the appellants, to whom there passed, subject to the payment of his debts, whatever estate he possessed. Shortly after his death the appellee notified the appellants that he wanted them to pay the note which he held against the decedent, or he would be compelled to enter suit against the estate. The verdict of the jury conclusively established the fact that they agreed to pay him the amount due on his note, if he would not bring suit upon it. They paid him the interest on it for eight years after their promise to pay him the principal in consideration of his agreement not to bring suit against the estate, and, after their repudiation of their agreement, when the interest for the ninth year was due, this action was brought against them, in which the appellee recovered a verdict for the full amount of his claim.

The fundamental contention of the appellants is that they are not bound by the agreement which the jury found they had made with the appellee, because it was not in writing, and they invoke the Act of April 26, 1855, P. L. 308, in support of their appeal. Their complaint is not of any error committed by the trial judge in rulings on offers of evidence, but solely of his instructions to the jury and of his refusal to direct a verdict in their favor, followed by a denial of their motion for judgment non obstante veredicto. The court was so clearly correct in submitting the case to the jury that but little need be said in overruling the assignments of error and affirming the judgment.

Robert J. Kirby, the decedent, left some estate, and upon it his son, one of the appellants, administered. According to his testimony and that of his mother, it may have been very small, but, whatever it amounted to, it passed to them, subject to the payment of debts. The appellee testified that if he had entered suit against the estate, he might have been able to collect his money. Be this as it may, the appellants, as the widow and son of the decedent, were interested in keeping whatever estate he left, and, in making their agreement with the appellee to pay him, if he would forbear bringing suit against the estate, they had an interest of their own in the transaction, and their promise to him was to subserve a purpose of their own. This is too clear for further discussion, and their promise is not, therefore, within the statute of frauds: Nugent v. Wolfe, 111 Pa. 471; Elkin v. Timlin, 151 Pa. 491; Bailey v. Marshall, 174 Pa. 602. In the first of these cases, in construing the statute, we said: "It is difficult, if not impossible, to formulate a rule by which to determine in every case whether a promise relating to the debt or liability of a third person is or is not within the statute; but, as a general rule, when the leading object of the promise or agreement is to become guarantor or surety to the promisee, for a debt for which a third party is and

continues to be primarily liable, the agreement, whether made before or after, or at the time with the promise of the principal, is within the statute, and not binding unless evidenced by writing. On the other hand, when the leading object of the promisor is to subserve some interest or purpose of his own, notwithstanding the effect is to pay or discharge the debt of another, his promise is not within the statute." In reliance upon the promise of the appellants to pay him the full amount due on the note which he held against Robert J. Kirby, the appellee took no steps to collect it from the latter's estate, but, on the contrary, in effect, released the estate from all liability to him. The assignments of error are overruled and the judgment is affirmed.