# Little Manufacturing Co., Appellant, *v.* Lipschutz.

*Contracts—Promise to answer for the debt of another—Proof.*

In an action to recover from the defendant, the value of goods delivered to a corporation, it appeared that the defendant, the secretary and treasurer of the corporation, wrote a letter on its stationery, requesting the plaintiff to extend credit to the corporation, and assuring the plaintiff that all bills would be taken care of at maturity. The defendant used the pronoun, "I," frequently but also used the pronoun, "WE" interchangeably with "I" in two instances.

Under such circumstances the letter did not amount to a promise in writing to answer personally for the debt of the corporation.

Whenever a plaintiff seeks to make one liable for the debt of another, the case must be clearly proved and every ambiguity in the evidence construed in favor of the defendant. The evidence of the promise to pay the debt of another must be clear and explicit, and there should be no room for doubt.

Argued October 14, 1925. Appeal No. 135, Oct. T., 1925, by plaintiff from judgment of the Municipal Court of Philadelphia, January T., 1925, No. 749 for defendant on affidavit of defense raising question of law in the case of the M. S. Little Manufacturing Co., a corporation, v. Charles Lipschutz. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on a written promise to answer for the debt of another. Before WALSH and KNOWLES, JJ.

The facts are stated in the opinion of the Superior Court.

Judgment for defendant on questions of law raised by affidavit of defense. Plaintiff appealed.

*Error assigned* was the order of the Court.

*Charles McVeigh Willits,* for appellant.—The letter was sufficient to charge the defendant with the indebtedness of the company: Hartley Silk Manufacturing Co. v. Berg, 48 Super. 419; Shannon v. American Iron and Steel Manufacturing Co., 66 Pa. Super. 211; Stouffer v. Jackson, 42 Pa. Super. 450; Connor v. Stewart, 55 Pa. Super. 381.

*Joseph Blank,* for appellee.

OPINION BY GAWTHROP, J., December 14, 1925:

In this action of assumpsit plaintiff seeks to recover from defendant the sum of $611.16, being the balance of an account due for merchandise sold and delivered to a corporation, of which defendant was secretary and treasurer. In answer to the statement of claim, defendant filed an affidavit of defense raising questions of law. The court below entered judgment for defendant and plaintiff appeals.

The material facts averred in the statement of claim are: Plaintiff was engaged in the manufacture and sale of commodities at Hartford, Connecticut. For some time prior to March 28, 1923, it had been making sales to the Edel Manufacturing Company, which was engaged in business in the City of Philadelphia. Owing to the financial condition of the latter company and its failure to pay outstanding bills, plaintiff refused to extend further credit to it. On or about March 28, 1923, defendant became actively connected with the Edel Manufacturing Company and on that date wrote

plaintiff a letter requesting it to resume the extension of credit to the Edel Manufacturing Company. The letter was written on the stationery of the Edel Manufacturing Company and signed "Charles Lipschutz." The material parts of the letter are as follows: "The Edel Manufacturing Company affairs were in a rather chaotic condition and I took same over with distinct understanding that all their old contracts would be filled. In fact, Mr. Edelman assured me that you would be glad to ship the balance of his orders. I had this assurance from Eynons & Evans Company, who had orders for castings, which they held up, due to non-payment of bills. I paid all of his old accounts and if I get his old contracts delivered, I will be able to put the trap through in the proper way. This will mean some increasing business that we can give you at new prices and under the circumstances, I really feel that you would be conferring a favor upon me personally. Of course, you realize that personally I am not responsible for the delay in payment of previous bills, but I can assure you that all bills will be taken care of at maturity. I had a chat with Eynons & Evans Company the other day, and they agreed to let me have all the old orders and give me 60 days credit. Now, if I can get this proposition from you, it would mean a whole lot to the company. When I say 60 days, I mean promptly within 60 days time all your bills will be taken care of,—as by that time, we will have a chance to get the goods in, resell them and get our money in." Relying on the terms contained in this letter, plaintiff assumed business relations with, and the extension of credit to, the Edel Manufacturing Company, and sold and delivered to it between April 10, 1923, and June 30, 1923, merchandise in the amount of $1501.49. The Edel Manufacturing Company paid on account thereof between July 30, 1923, and October

1, 1923, $890.33, leaving the balance due plaintiff, for which this suit is brought. After making repeated demands upon the Edel Manufacturing Company for the payment of this balance, plaintiff demanded that defendant pay the same. Plaintiff's cause of action against defendant is based on his letter of March 28, 1923. It is contended that this letter amounts to a promise in writing to answer personally for the debt of the Edel Manufacturing Company.

A careful consideration of the arguments of the respective counsel and the authorities cited, with others, has convinced all of the judges who sat at the argument that the learned judge of the court below committed no error in entering judgment for defendant. This conclusion is reached on the ground that the letter relied on was written by defendant as an officer or agent of the Edel Manufacturing Company, and that the promise to take care of bills at maturity was made in that capacity. Although defendant frequently used the pronoun "I" he also used the pronoun "we," interchangeably with "I" in two instances. In explaining his reason for requiring 60 days' credit and his reason for believing that plaintiff's bills would be paid within that time, defendant used this language: "When I say 60 days, I mean promptly within 60 days time all your bills will be taken care of,—as by that time *we* will have a chance to get the goods in, resell them and get our money in." An examination of letters written by defendant to plaintiff subsequent to the letter of March 28, 1923, on the same subject, leads to the same conclusion and shows that defendant did not use the pronoun "I" in his personal capacity. A letter written by him July 27, 1923, to plaintiff states: "I have a bank balance of $66.64 at the present time, and I am sending you a check for all of it less $1.64 so that I can keep the bank account alive. There is no question in my mind

that you will eventually get all of your money, as I appreciate what you did was simply done because I was in the company.'' It is undisputed that the bank balance referred to was the bank balance of the corporation. Plaintiff admits that on July 30, 1923, it received a check from the Edel Manufacturing Company for $65. Whenever a plaintiff seeks to make one liable for the debt of another, the case must be clearly proved and every ambiguity in the evidence weighs in favor of the defendant: Kellog v. Stockton and Fuller, 29 Pa., 460. In such a case the law is well settled that the evidence of the promise to pay the debt of another must be clear and explicit, and there should be no room for doubt: Unangst v. Hibler, 26 Pa., 150. In this view of the case, it is not necessary to consider the questions whether, under the terms of the letter of March 28, 1923, defendant's obligation was that of a guarantor or a surety, or whether his obligation was an original undertaking.

The judgment is affirmed.