Swoope's Estate.

Argued January 23, 1935. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Benjamin C. Jones,* with him *Edred J. Pennell,* of *Jones & DeFerie,* for appellant.

*J. W. McWilliams,* with him *C. B. Wagoner* and *C. S. Wesley,* of *Tustin & Wesley,* for appellees.

Per Curiam, March 25, 1935:

At the audit of the account of the executors, a claim against the testator on an alleged oral guaranty of certain bonds was presented by the receiver of a national bank. To prove the contract, the receiver offered the testimony of two witnesses. The evidence of one of them was excluded on the ground that he was a stockholder of the closed bank and, as a surviving party, incompetent under the Evidence Act: May 23, 1887, P. L. 158, section 5 (e), 28 P. S., section 322. The learned auditing judge found that, notwithstanding the receivership and payment of his 100% assessment as shareholder, and the fact that the receiver estimated the liabilities would exceed the assets, the witness had a pecuniary interest directly affected by the allowance of the claim: Foster v. Collner, 107 Pa. 305; Arrott Mills Co. v. Way Mfg. Co., 143 Pa. 435, 22 A. 699; Gunster v. Jessup, 196 Pa. 548, 46 A.

940. He was, therefore, a surviving party whose interest was adverse.

The other witness gave testimony which, if believed, was sufficient to show that decedent's promise was not within the prohibition of the statute of frauds (Kirby v. Kirby, 248 Pa. 117, 93 A. 874; Crawford v. Pyle, 190 Pa. 263, 42 A. 687), but the learned auditing judge was not persuaded by what the witness said that the contract of guaranty was clearly made out as required: Unangst v. Hibler, 26 Pa. 150; Little Mfg. Co. v. Lipschutz, 87 Pa. Superior Ct. 102. We see no reason in the record for disregarding the weight given to the evidence of this witness by the court (Gilbraith's Est., 270 Pa. 288, 113 A. 361). There is nothing to suggest capricious disbelief; on the contrary, the learned auditing judge appears to have given most careful consideration to the question presented, both in the first instance, and on exceptions.

Decree affirmed at appellant's costs.