337 A.2d 851

In the Matter of the ESTATE of Alice D.
McKINLEY, Deceased,

Appeal of Elizabeth D. COYLE, Beneficiary, and Reed
B. Coyle, III, Residuary Legatee.

Appeal of COMMONWEALTH of Penn-
sylvania, Appellants.

Supreme Court of Pennsylvania.

Argued Oct. 11, 1974.

Decided March 18, 1975.

Rehearing Denied June 6, 1975.

John B. Nicklas, Jr., Alfred C. Maiello, McCrady, Nicklas, McCrady & Maiello, Pittsburgh, for appellant at No. 75.

Israel Packel, Atty. Gen., Geoffrey Paul Wozney, Asst. Atty. Gen., Pa. Dept. of Justice, Pittsburgh, for appellant at No. 80.

Robert E. McKee, Jr., Feldstein, Bloom & Grinberg, Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

This appeal presents one issue: whether the domicile of the deceased, Alice D. McKinley, was in Pennsylvania so as to vest the Register of Wills of Allegheny County with jurisdiction to probate her will.

After hearing testimony, the Register of Wills determined that the decedent had changed her domicile from Florida to Allegheny County at the time of her death. The Orphans' Court reversed, holding that the decedent had remained domiciled in St. Petersburg, Florida, until

her death. Appellants, proponents of the probate of the will in Pennsylvania, are Elizabeth D. Coyle, beneficiary under the will, Reed B. Coyle, III, residuary legatee, and the Commonwealth of Pennsylvania.

It is an established principle that domicile, having been shown to exist, is presumed to continue until another domicile is affirmatively proven. *Obici Estate*, 373 Pa. 567, 571, 97 A.2d 49, 51 (1953); *Pusey's Estate,* 321 Pa. 248, 265, 184 A. 844, 853 (1936); *Barclay's Estate*, 259 Pa. 401, 404–405, 103 A. 274, (1918). It is the duty of the proponents of the probate of this will, by clear and satisfactory proof, to overcome the presumption that the old domicile remained. *See Loudenslager Will*, 430 Pa. 33, 38–39, 240 A.2d 477, 480 (1968). *See also Obici Estate, supra,* 373 Pa. at 571–572, 97 A.2d at 51.

The burden of demonstrating that decedent reestablished a Pennsylvania domicile is on proponents of the probate of this will. *Loudenslager Will*, 430 Pa. at 38, 240 A.2d at 480; *Dorrance's Estate*, 309 Pa. 151, 172, 163 A. 303 at 310 (1932).

The domicile of a person is the place where he has voluntarily fixed his habitation with a present intention to make it either his permanent home or his home for the indefinite future. To effect a change of domicile there must be a concurrence of two factors: physical presence in the place where the new domicile is alleged to have been acquired, and the intention to make it one's home without any fixed or certain purpose to return to the former place of abode. *Loudenslager Will, supra; Publicker Estate*, 385 Pa. 403, 123 A.2d 655 (1956); *Dorrance's Estate, supra.*

Our examination of the record indicates a conflict on the facts.[1]

1. When a finding of fact is simply a deduction from other facts and the ultimate fact in question is purely a result of reasoning,

Mrs. McKinley resided in Pennsylvania until 1969, at which time she moved to St. Petersburg, Florida. On December 15, 1971, she flew to Pittsburgh with the expressed purpose of visiting during the holidays for an indefinite period of time until her ailing health improved. She remained with her sister, Mrs. Coyle, from December 15, 1971 until she entered Hamot Hospital in Erie, Pennsylvania on March 20, 1972. At some point while in Pennsylvania, Mrs. McKinley concluded that she probably could not return to Florida because of her deteriorating health. She began to make arrangements to settle her financial and personal affairs here. She directed that her will, valuables and securities be sent to Pennsylvania and indicated that she wished to transfer her bank accounts to a Pittsburgh bank. She directed the accountant to prepare her tax returns as if she were a Pennsyl-

the appellate court may draw its own inferences and arrive at its own conclusions from the facts as established. *Publicker Estate* 385 Pa. at 410, 123 A.2d at 660; *Dorrance's Estate*, 309 Pa. at 156, 163 A. at 304.

In finding the decedent to have been domiciled in St. Petersburg, the Orphans' Court based its decision on some statements made by decedent prior to the alleged change of domicile; the suspiciousness of the testimony of Mrs. Coyle; and decedent's poor health and *weak state of mind*. In affirming the Court's decision, we do not rely on these factors.

The conduct of Mrs. McKinley prior to her arrival in Pennsylvania is not probative of her intent here since that intent was alleged to have formed after decedent arrived in Pennsylvania.

Mrs. Coyle's credibility was clearly in issue since much of the testimony regarding decedent's intentions to make Pennsylvania her home came from Mrs. Coyle, with whom decedent lived. Credibility of the witnesses and the weight afforded their testimony because of their character, intelligence and knowledge of the subject, must be determined by the judge or jury who sees and hears them. *Quein Will*, 361 Pa. 133, 149, 62 A.2d 909 (1949), citing *Deal's Estate*, 321 Pa. 484, 184 A. 453 (1936); *Swoope's Estate*, 317 Pa. 584, 177 A. 748 (1935); *Belmont Laboratories, Inc. v. Heist, et al.*, 300 Pa. 542, 151 A. 15 (1930); *Steinmeyer v. Subert*, 190 Pa. 471, 42 A. 880 (1899). The Register of Wills was the judge of credibility and found for the proponents in this case.

In regard to a finding that decedent was in a weak state of mind, it was never alleged, it was not found by the hearing judge and we find no support for the conclusion in the record.

vania resident.[2]  She expressed the desire to close her Florida apartment, remove her belongings and enter the Baptist Home near Mrs. Coyle's home.  In January she realized that if she wished to move from her St. Petersburg apartment, she could not do it herself and so she prepared, at her sister's suggestion, a five-page handwritten list of the belongings she wished to be removed and stored at her sister's Florida apartment.  On entering Hamot Hospital, she gave the Allegheny County address. From these facts the hearing judge determined that Mrs. McKinley, because of ill health, moved from Florida to her sister's home, and once there, formed the intention of not returning to Florida.

On the other hand, we note that the record reveals that Mrs. McKinley never relinquished the return trip portion of her round-trip airline ticket until her sister, Mrs. Coyle, attempted to obtain a rebate on the ticket in mid-March because it was thought that the ticket was going to expire.  In addition, prior to entering the hospital, on February 28, 1972, Mrs. McKinley wrote to her landlady in Florida, "I am not sure when I'll be going home but think it won't be too long.  I am not feeling any stronger and don't know what the future holds for me."  Finally, on March 7, 1972, decedent wrote to her St. Petersburg bank identifying herself as a St. Petersburg resident. The evidence reveals that decedent did not move her belongings from the St. Petersburg residence, terminate the month to month lease which she had there, or transfer her checking and savings accounts to the Pennsylvania bank.

The decedent's declarations of intention are in direct conflict:  she expressed to those around her in Pittsburgh the desire to take up residence here, yet contemporaneously wrote twice to St. Petersburg that she was still a resident there.  It is true that her actual con-

2.  However, she never filed the intangible tax returns required to be filed in Pennsylvania.

duct in the last few months of her life was consistent with an intent to be domiciled in Pennsylvania. It was equally consistent with the hope of recovering her health and returning to her St. Petersburg home accompanied by plans in the future to relocate in Pittsburgh only if that course of action would be impossible. Under these circumstances, we can not conclude that proponents have sustained their burden of proving a change of domicile by clear and satisfactory proof. "A domicile once acquired is presumed to continue until it is shown to have been changed. Where a change of domicile is alleged the burden of proving it rests upon the person making the allegation . . . . Mere absence from a fixed home, however long continued, cannot work the change [of domicile]. There must be the *animus* to change the prior domicile for another. Until the new one is acquired, the old one remains. These principles are axiomatic in the law upon the subject. *Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 353, 22 L.Ed. 584 (1974)," *quoted in Loudenslager Will*, 430 Pa. at 38, 240 A.2d at 479.

The Register of Wills properly placed the burden of proof upon the proponent. The Register did not, however, apply the requisite standard of proof. Stating that the evidence "in a hard case" was conflicting, the Register said that she was inclined to believe the two disinterested witnesses, Mrs. Conner and Miss Kelly. The testimony, in full, of the two women upon whose testimony the Register of Wills heavily relied, was that Mrs. Mc-Kinley declared, in mid-February, that she was not going back to Florida and that she was looking into the Baptist Home. The inference that decedent was abandoning her old domicile was, however, rebutted by her subsequent references to St. Petersburg as her home and herself as a St. Petersburg resident. Unlike the hearing court, we fail to find in decedent's conduct and in her declarations, including those to Mrs. Conner and Miss Kelly, the neces-

sary expressed intent to make Pittsburgh her permanent home or her home for the indefinite future.

The testimony of the witnesses produced by proponents of this will does not reveal the necessary *animus* to establish a change of domicile. The record shows that decedent was very ill and uncertain as to her future. Decedent was equivocal in regard to any plans to abandon the Florida home and to relocate in Pennsylvania. Thus, in our view, the proponents of this will have failed to show by clear and convincing proof that decedent changed her domicile from Florida to Pennsylvania.

Decree affirmed. Costs on appellants.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice (dissenting).

I dissent because the evidence establishes that decedent was domiciled in Pennsylvania.