353 A.2d 832

In re Nomination Petition of C. David HENRY, a/k/a Charles David Henry, David Henry, David C. Henry, for the Democratic Party Nomination for Office of Representative in the General Assembly of the Commonwealth of Pennsylvania for the 202nd Representative District.

Appeal of Mark B. COHEN.

Supreme Court of Pennsylvania.

Submitted March 22, 1976.

Decided March 24, 1976.

David Cohen, Philadelphia, for appellant.

Hardy Williams, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

Order affirmed. Appellant pay costs.

NIX, J., filed a dissenting opinion.

O'BRIEN, J., did not participate in the consideration or decision of this case.

NIX, Justice (dissenting).

This is an appeal from an Order of Judge Rogers of the Commonwealth Court, directing the Secretary of the Commonwealth to certify the name of C. David Henry for inclusion on the ballot of the Democratic Party at the Primary Election on April 27, 1976, as a candidate for the office of Representative in the General Assembly for the 202nd Representative District of Philadelphia County, Pennsylvania. The objection to the petition of Mr.

Henry was filed by Representative Mark B. Cohen, the present incumbent for the 202nd Representative District. The basic allegation upon which the objection was premised was that Mr. Henry was not an inhabitant of the District in question for a period of one year prior to the Election as required by Article II, Section 5 of the Pennsylvania Constitution.

I disagree with the conclusion of the majority that the Order of the court below should be sustained. In my judgment, the court below viewed the evidence by an improper standard. Where the objector has established that the person filing a nominating petition has had, within the recent past, a domicile outside of the Legislative District in question, the burden of proof of establishing domicile, should in that event shift to the candidate. This is consistent with the traditional law of domicile [1] which provides that domicile, once established, is presumed to continue until it is shown that it has been changed. *Loudenslager Will*, 430 Pa. 33, 240 A.2d 477 (1968). Here the court below found that Mr. and Mrs. Henry moved to Roslyn, Abington Township, Montgomery County, in November or December of 1973. The objector, therefore, having established a domicile in Montgomery County, outside of the Legislative District in question, should have had the benefit of the presumption that that domicile continued until it was affirmatively rebutted by evidence produced by the candidate. Compare, *In re Estate of McKinley*, 461 Pa. 731, 337 A. 2d 851, 853 (1975) (and cases cited therein). I do not believe that the evidence offered by the candidate to prove that he again established a domicile within the District reaches the degree of clear and satisfactory proof necessary to overcome the presumption.

1. As noted by the court below, the term "inhabitant" as used in Article II, Section 5 of the Pennsylvania Constitution, has been consistently construed to mean "one who resides permanently in a given place". I can see no difference for distinguishing this kind of residence from the domicile concept.