## The Travelers Insurance Co. v. Abel

 

*Anthony P. Tinari*, for plaintiff.
*Arthur L. Shanker*, for defendant.

BROWN, *J.*, May 13, 1983—Plaintiff, Travelers Insurance Company, has been assigned defendant Abel's insurance claim under the Pennsylvania Assigned Claims Plan and brings this action for Declaratory Judgment to determine its liability to him under the Pa. No-fault Motor Vehicle Insurance Act.

## FINDINGS OF FACT

On Tuesday, May 5, 1981, Stephen Abel suffered injuries when the motor vehicle he was driving was involved in an accident on Rhawn Street in Philadelphia.

Abel was the co-owner of the motor vehicle which was registered in Delaware. He has resided at his parents' home in Rehoboth Beach, Delaware since 1977. In 1978 and 1979 he spent brief periods in New York and Boston, but continued to return regularly to the Rehoboth Beach address.

In December of 1980, he obtained employment in New Jersey, and lived weekdays at a friend's apartment in Riverton, New Jersey, returning each weekend to Rehoboth Beach. Three months later Abel was transferred to a position in Willow Grove, Pa. and on March 27, 1981 moved to a friend's apartment at 8030 Ditman Street, Philadelphia.

Once again, he lived there only during the week, and returned to his parents' home on weekends. Abel was living at Ditman Street on this basis when the accident occurred on May 5.

## DISCUSSION

Defendant requests payment of his basic loss benefits pursuant to the Assigned Claims Plan of the Pennsylvania No-fault Insurance Act 40 P.S. §1009.108. Section 1009.110(c)(1) of the Act states:

(c) Applicable law.—

(1) The basic loss benefits available to any victim or to any survivor of a deceased victim shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance in effect in the state of domicile of the victim on the date when the motor vehicle accident resulting in injury occurs. If there is no such state no-fault plan in effect or if the victim is not domiciled in any state, then basic loss benefits available to any victim shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance, if any, in effect in the state in which the accident resulting in injury occurs.

See Toter v. Knight, 278 Pa. Super 547, 555 420 A.2d 676, (1980).

Defendant maintains that he is a Pennsylvania domiciliary and is therefore entitled to benefits under the Pennsylvania Act. The domicile of a person is the place where he has voluntarily fixed his habitation with a present intention to make it either his permanent home or his home for the indefinite future. In re: Estate of McKinley, 461 Pa. 731 337 A.2d 851, (1975). Once acquired, a domicile is presumed to have continued until it is shown to have

changed. Commonwealth v. Kallinger, 66 Pa. Commw. 198, 443 A.2d 1219 (1982). The burden of proving a change of domicile rests on the person asserting the change. McKenna v. McKenna, 282 Pa. Super. 45 422 A.2d 668, (1980). It is clear from the facts in this case that the defendant is a Delaware domiciliary. He maintains his automobile registration and driver's license in Delaware, where his parents' home is located. Although he has resided in other states, he has continued to return regularly to the Delaware address. Moreover, he has taken no affirmative action to establish permanent contacts in any of these other states. Because there has been no proof of a change in domicile, his domicile remains in Delaware.

Delaware's motor vehicle insurance act, as amended in 1977, has been held to be a "No-Fault Act" as that term is defined in the Pennsylvania No-Fault Act. Swezey v. Home Indemnity Co., 529 F. Supp. 608 (D. Del.), vacated on other grounds, 691 F.2d 163 (1982). Thus, defendant, as a Delaware domiciliary has available a no-fault act in his home state, and must look to that act rather than the Pennsylvania Act. But he argues he should be allowed recovery under the Pennsylvania Act because Delaware makes no provision for him. Unlike Pennsylvania, Delaware does not allow recovery by uninsured motorists.

Conflicting recovery provisions among various states' no-fault acts was considered in Pryor v. Fireman's Fund Ins. Co., 537 F. Supp 971 (W.D. Pa. 1982). In that case, Pryor, a resident of Connecticut was injured in Pennsylvania while a passenger in an uninsured New Jersey vehicle. He sought recovery under his parent's Connecticut no-fault insurance policy and also under the Pennsylvania Assigned Risk Plan, claiming full recovery

under the Pennsylvania plan. He contended that the Connecticut Act could not be considered a no-fault act because it provided much less coverage than did Pennsylvania's, allowing only $5,000 in first party benefits.

The District Court, relying on Toter, supra, rejected that contention stating:

In order to accept . . . plaintiff's attacks on the suitability of the Connecticut No-fault Act, we would have to read § 110(c) of the Pennsylvania Act as requiring that another state's no-fault plan could be used . . . only if it were virtually identical to the Pennsylvania Act. Were this the Pennsylvania Legislature's intention, it might just as well have simply required application of the Pennsylvania Act's basic loss benefits to all victims of accidents occuring in the state. 537 F. Supp at 976.

Therefore, the Delaware Act need not be identical to the Pennsylvania Act to control under § 110(c). Regardless of difference in coverage the Delaware Act is a no-fault act, and defendant must seek recovery under it. His dilemna is little different than that of the plaintiff in Pryor, who similarly received less from Connecticut than he would have from Pennsylvania. He is no worse off than any other Delaware domiciliary.

## CONCLUSIONS OF LAW

1. Defendant was domiciled in Delaware at the time of the accident.

2. Defendant's right to recovery is determined by the provisions of the No-fault Motor Vehicle Insurance Act of the State of Delaware.

## DECREE NISI

And now, this May 13, 1983, the court finds in favor of plaintiff, and against defendant on the

complaint and counterclaim for declaratory judgment.

Unless exceptions are filed to this adjudication and decree nisi within ten days, it shall be the final decree of the court.