516 A.2d 791

In Re: Nomination Petition of T. Milton Street as Candidate for the Democratic Nomination for Representative in the General Assembly From the 196th Representative District. Objection of Ruth B. Harper.

Heard April 4 and April 7, 1986, by Judge DOYLE.

*Rotan E. Lee,* with him, *David L. Hyman, Burrell, Waxman, Donaghy & Lee,* for petitioner.

*Gregory E. Smith, Sugarman & Hellegers,* for respondent.

OPINION BY JUDGE DOYLE, April 23, 1986:

Currently before us is a Petition to Set Aside the nomination petition of T. Milton Street (Candidate), as a candidate for the Democratic nomination to the office of Representative in the General Assembly from the 196th Legislative District (Philadelphia) filed by the incumbent Representative, Mrs. Ruth B. Harper (Petitioner).

The issue before us presented by the Petition to Set Aside is whether there is a defect in the Candidate's nomination petition or, specifically, whether Mr. Street's candidate's affidavit accompanying his petition contains a false statement. The affidavit of the Candidate contains, *inter alia,* two statements which if either was proven false, would cause his petition to be set aside. The statements in the affidavit are first, that on March 11, 1986, Mr. Street's residence was 3752 Germantown

Avenue, Philadelphia, and secondly, that the Candidate was "an inhabitant of the electorial district . . . one year next before the election."

The Candidate raised an initial challenge to our jurisdiction in this matter, contending that this Court is barred from reviewing the constitutional qualifications of any candidate by the holding of *In Re Jones,* 505 Pa. 50, 476 A.2d 1287 (1984). The case at bar, however, is clearly distinguishable from *Jones,* as it does not concern an *a priori* inquiry into the qualifications of a member of the General Assembly, but rather makes a specific challenge to the veracity of statements contained in the affidavit of a candidate. The argument advanced by the objectors in the *Jones* case, as framed by the Pennsylvania Supreme Court, was that even if the candidate won both the primary and the general election, the next duly constituted Senate might refuse to seat her, *if* they concluded that the candidate, who would then be an elected *member* of that body, had not met all of the qualifications set forth in Article 2, Section 5 of the Constitution of Pennsylvania. *Id.* at 55, 476 A.2d at 1289. The particular qualification which the candidate in *Jones* allegedly would not fulfill was the requirement that she reside in her district for one year next before the general election.

In rejecting this argument, the *Jones* Court stated that neither Article 2 of the Constitution in its entirety, nor Section 5 specifically, conferred authority on the courts to inquire into the qualifications of one seeking to run for office, *Id.* at 62, 472 A.2d at 1293. The Court further noted that the legislature had not expressly attempted to confer such power, *id.,* and that Section 977 of the Pennsylvania Election Code (Election Code),[1] 25 P.S. §2937 was the sole and exclusive remedy for chal-

---

[1] Act of June 3, 1937, P.L. 1333, *as amended.*

lenging a person's right to run for political office in Pennsylvania. *Id.* at 65 n. 13, 476 A.2d at 1294 n. 13.

Since the holding of *Jones,* however, the legislature has specifically addressed this deficiency of power in the courts by amending Section 910[2] of the Election Code to require that:

> In cases of petitions for candidates for the General Assembly, the candidate's affidavit shall state (1) that the candidate will satisfy the eligibility requirements contained in Sections 5 and 7 of Article II of the Constitution of Pennsylvania [and] . . . (3) that the candidate shall have been a citizen and inhabitant of Pennsylvania four (4) years and an inhabitant of the respective district one (1) year next before the election (unless absent on the public business of the United States or of this State). . . .

Section 3 of the Act of April 18, 1985, P.L. 5, No. 4 (Act 4 of 1985),[3] and by amending Section 977 of the Code[4] to provide, that if this Court finds:

> any accompanying or appended affidavit [to a nomination petition] contains a material defect or error, it shall be set aside. For purposes of this section, a nomination petition or paper shall include all affidavits required to be filed with such nomination petition or paper under this Act.

Section 4 of Act 4 of 1985.[5]

Pursuant to the legislative authority granted by Act 4 of 1985, we are now confronted with a situation which requires us to review a candidate's qualifications challenged by a petition alleging a defect in the candidate's

---

[2] 25 P.S. §2870.
[3] 1985 Pa. Legislative Service (Purdon) No. 1 at 11.
[4] 25 P.S. §2937.
[5] 1985 Pa. Legislative Service (Purdon) No. 1 at 14.

affidavit. As the *Jones* court acknowledged, a false candidate's affidavit is a fatal defect which cannot be amended and would require the setting aside of the nomination petition. 505 Pa. at 56 n. 5, 476 A.2d 1290 n. 5, (citing *In Re Petition of Cianfrani,* 467 Pa. 491, 359 A.2d 383 (1976)).

Specifically framing the issues before this Court, we are confronted with two questions: first, was the Candidate a resident of his election district on the date he signed his affidavit, in this case, March 11, 1986; and second, has he been an inhabitant of this district since a date one year next prior to the date set for the election? Since the election we are here concerned with will be held on November 4, 1986, one year next prior to that date would be November 3, 1985.

We note initially that the burden of proof is clearly on the Objector-Petitioner to prove that the Candidate is not, or was not, an inhabitant of his district at or during the relevant times. *See In re: Nomination Petition of Vidmer,* 65 Pa. Commonwealth Ct. 562, 442 A.2d 1203 (1982), *aff'd per curiam,* 497 Pa. 642, 444 A.2d 100 (1982). In our view, there were two ways Petitioner might have met this burden. First, by establishing that the Candidate has had, within the recent past, a domicile[6] outside the legislative district in question, we believe the Petitioner would have succeeded in shifting the burden of establishing another domicile to the Can-

---

[6] Article 2, Section 5 of the Pennsylvania Constitution states: Qualifications of Members

Senators shall be at least twenty-five years of age and Representatives twenty-one years of age. They shall have been citizens and inhabitants of the State four years, and inhabitants of their respective districts one year next before their election (unless absent on the public business of the United States or of this State, and shall reside in their respective districts during their terms of service).

didate. *See Nomination of Henry,* 466 Pa. 558, 353 A.2d 832 (1976) (Justice Nix, dissenting to a per curiam opinion). As Justice, now Chief Justice, Nix observed, this shifting burden would be consistent with the traditional law of domicile, which provides that once established, domicile is presumed to continue until it is shown to have been changed. *Id.* at 559, 353 A.2d at 832 (Justice Nix dissenting).

Objectors submitted virtually no evidence which would have tended to prove this, that is, that the Candidate had a domicile other than that sworn to in his affidavit, viz., 3752 Germantown Avenue, Philadelphia.[7] The Respondent-Candidate consequently was granted summary judgment with respect to the issue of another domicile at the close of Petitioner's case.

The second choice Petitioner had was to attempt to prove, by a preponderance of the evidence, that the Candidate was *not* an inhabitant of 3752 Germantown Avenue either specifically on March 11, 1986, or consecutively from November 3, 1985 up to and including the date of the hearing.

---

[7] Only one of the five witnesses who testified on behalf of the Petitioner, a professional investigator, offered any testimony at all that the Candidate lived at 6807 North 11th Street, the address alleged in the Petition to Set Aside to be the Candidate's residence "at all times pertinent up to the present date." The total testimony of this witness was that he went to that address five times between February 8 and March 20, 1986, that he took pictures of the house, and that on one occasion he observed a black female getting into a car owned by Yvonne Street. There was no evidence presented regarding the dates, the time of day, or the duration of those five visits.

The term "inhabitant" as used in this context has been consistently construed to mean "the equivalent of domicile," thus requiring not only present habitation but an intent to remain more or less permanently. *See e.g., Lesker Case,* 377 Pa. 411, 105 A.2d 376 (1954); *In re: Nomination Petition of Vidmer.*

With respect to the specific date of March 11, 1986, the record is almost completely devoid of facts which would tend to *disprove* that the Candidate was domiciled at 3752 Germantown Avenue at that particular time. With respect to the question of whether the Candidate has been a continuous inhabitant of that address from November 3, 1985 to the date of the hearing, Petitioner did introduce *some* evidence which would tend to disprove that, but we are compelled to conclude that such evidence as introduced was not nearly sufficient to satisfy the Petitioner's burden of proof.

Reviewing the testimony presented by the Petitioner we find:

1. That a process server engaged by the Petitioner served the Candidate with papers at 9:00 A.M. on March 27, 1986, as the Candidate was entering the front door of 3752 Germantown Avenue. The witness had arrived at approximately 7:00 A.M. and waited for the Candidate. The witness was unsuccessful in his attempt at service the previous evening at approximately 4:55 P.M.

2. That the U.S. Postal Service did not deliver a large flat piece of certified mail to the Candidate on or about March 26, 1986 and that envelope was returned to the sender stamped "MLNA", which indicates "moved, left no address". No attempt was actually made to deliver this particular piece of mail. The stamp "MLNA" was placed on the envelope by the postal authorities because their records (Form 3982) showed that the "entire family Milton Street" "moved—left no address". This entry however was made on *August 16, 1985*. There was another entry made that only mail for Yvonne Street was to be sent to 6807 N. 11th Street.

3. The property known as 3752 Germantown Avenue is part of a large three story brick structure and in the front part of the first floor at that address there had

once had been a restaurant or steak shop operated by the Candidate.

4. The restaurant or steak shop is no longer a going business but behind the shop there are rooms where someone could live. Access to this living area would be either from the recessed front door, protected by a metal gate with a padlock approximately 3 to 4 feet in front of the door, or from a rear door on Carlisle Street across which there is no metal gate.

5. In February or early March of 1986, this property was listed for sale with Harold Dalsemer, Inc., a real estate firm located at 3433 Germantown Avenue. At a time when the president of this firm showed the property to prospective buyers, which was unannounced, the Candidate was living there. The Candidate told Mr. Dalsemer that he was staying there to protect the property from vandals.

6. Frank Greco, the professional investigator had the property at 3752 Germantown Avenue under surveillance three times between February 8, 1986 and March 20, 1986, observed a closed steak shop in the front of the property and no human habitation of any sort. His total surveillance, however, amounted to fifteen minutes on his first visit, a stop just long enough to take pictures on his second visit, and had no recollection at all about the length of his surveillance on his third visit.

7. Representative Harper, the Petitioner, is thoroughly familar with the neighborhood and the property at 3752 Germantown Avenue and passes the property very often both going and coming to her residence (approximately one block away) to her work, and to her many activities. It appeared to her that the property had been vacant since August of 1985 and she last saw the Candidate going into the building in July of 1985. Currently, however, "Within one month, the lights are

bright in the building at night now." (N.T. 133) Prior to this past month there only appeared to her to be "one little light in the building." The presence of a night light in the back of the steak shop was corroborated by other witnesses.

The Court need only consider a few additional facts, which the Candidate was able to establish without challenge, in order to arrive at the conclusion stated earlier. This conclusion is compelled by the lack of affirmative proof to the contrary. These facts are:

8. The Candidate did, *at one time*, live at 3752 Germantown Avenue and that this residency began in the spring of 1985 when he separated from his wife.[8]

9. The steak shop enterprise was a failure and closed sometime during the summer of 1985, probably in late July or August.

10. The Candidate, although not the title owner of 3752 Germantown Avenue, has a legal interest in the property.[9]

From these facts the Court must conclude that the Petitioner has not met the burden of proof necessary to establish either, a) that the Candidate did not live at 3752 Germantown Avenue on March 11, 1986 when he signed the affidavit stating that he did reside there, or b) that the Candidate did not have his domicile at that address since November 3, 1985. A domicile, once established, is presumed to continue until it is shown that it has been changed. *Loudenslager Will*, 430 Pa. 33, 240 A.2d 477 (1968). The burden of proof here, *absent* a showing that the Candidate established a domicile at

---

[8] We note that no attempt was made by the Petitioner to prove that the Candidate lived at 6807 N. 11th Street before this date.

[9] T. Milton Street testified he purchased the property with his wife in February or March of 1985 (N.T. 217) and that he now owns it without his wife although title is in the name of James Street, Jr. (N.T. 244).

some other place, was upon the Petitioner to show that the Candidate was *not* an inhabitant of the district, and not upon the Candidate to prove that he *was* an inhabitant. That negative burden is indeed heavy. The Petitioner sought to meet this heavy burden by trying to establish that the property at 3752 Germantown Avenue was a commercial property and did not meet a definition of a "residence", and further attempted to argue that the Candidate had some burden to demonstrate that the building at 3752 Germantown Avenue was *not* "primarily vacant."[10] We cannot agree. Having failed to establish that the Candidate lived—was domiciled—elsewhere, Petitioner's burden never shifted, and even if the commercial store front of the building was apparently vacant after August of 1985, this would not, in and of itself, compel a finding that someone could not live elsewhere in the building. The Petitioner was a thoroughly credible witness, but her testimony alone that the building "appeared vacant", would not be enough to establish a syllogism logically resulting in a conclusion that the Candidate *could* not and did not live in the building.

We are therefore constrained to dismiss the Petition to Set Aside the nominating petition of T. Milton Street as a candidate for the Democratic nomination for the Office of Representative in the General Assembly, and accordingly make the following:

## ORDER

Now, this 23rd day of April, 1986, the Petition of Ruth B. Harper to set aside the nomination petition of T. Milton Street is hereby dismissed. The Secretary of the Commonwealth is directed to certify the name of T.

---

[10] From the arguments of counsel at the conclusion of the Petitioner's case in chief (N.T. 163, 164).

Milton Street to the proper officials for inclusion on the ballot at the primary election on May 20, 1986.

The Prothonotary is directed to notify forthwith the parties hereto, or their counsel, of this Order and also certify a copy hereof to the Secretary of the Commonwealth of Pennsylvania.

All costs are assessed against the Candidate, T. Milton Street.