## Colston v. Colston.

April 21, 1944.

John M. Berry for appellant.

L: W. Morris and Marion Rider for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Reversing.

This action was filed by the appellant on December 19, 1942 for a divorce, on the ground that he and his wife had lived separate and apart without co-habitation for five years. The appellee pleaded by the first paragraph of her answer and counterclaim that she and the appellant separated on August 27, 1932, and lived separate and apart until September 25, 1936, on which date the appellant was confined in the penitentiary where he served until September 25, 1942, and, therefore, that a voluntary separation had not existed for five years as contemplated by the statute, KRS 403.020.

By the second paragraph of the answer and counterclaim the appellee pleaded that on August 27, 1932, the appellant abandoned their three infant children without making any provision for their support and maintenance and that since his release from the penitentiary he had contributed only $15 for their support. She sought judgment for $200 for money expended by her for the support and maintenance of the children.

Evidence for the appellant established a separation as alleged in the appellee's answer but the chancellor was of the opinion that the period of the appellant's confinement in the penitentiary, not being a voluntary

separation, was not to be considered as a living separate and apart within the meaning of the statute. Accordingly, he dismissed the petition. At the same time, he sustained a demurrer to the second paragraph of the answer and counterclaim seeking a recovery for sums expended by the appellee for the support and maintenance of the children and dismissed the counterclaim. From this judgment there is an appeal and cross-appeal.

If the parties had lived separate and apart without any cohabitation for five years next before the institution of the action, within the meaning of the statute, the appellant was entitled to a divorce regardless of whose fault brought about the separation. Brown v. Brown, 172 Ky. 754, 189 S. W. 921; Ward v. Ward, 213 Ky. 606, 281 S. W. 801. There is some conflict of authority as to whether a period of imprisonment should be counted as a separation or living apart. 17 Amer. Jur. 233, Annotation 51, A. L. R. 769. But in all the reported cases in which the question was involved the wife was seeking a divorce on account of a separation which had existed for the statutory period. Even in such cases our court takes the view that the period of the husband's imprisonment counts as a separation within the meaning of the statute. Davis v. Davis, 102 Ky. 440, 43 S. W. 168.

We are unable to find any authority holding that the period of imprisonment might not be adopted and considered by the imprisoned party as a voluntary separation and we see no reason why it should not be so considered. Particularly do we think this is true as applied to the facts of the present case. The parties had been separated for four years and twenty eight days before the appellant was confined in the penitentiary. He remained in the penitentiary for six years and filed this action several months after his release, thereby electing to consider the period of confinement as a voluntary separation between him and his wife. No reason or purpose behind the statute is to be served by holding that the period of confinement may not be considered as a living separate and apart within the meaning of the statute. No such exclusionary language appears in the statute and none should be read into it, when it is clearly unnecessary to do so to effectuate the legislative intent. We think the chancellor was in error in refusing to award the appellant a divorce.

It is our conclusion also that error was committed

in dismissing the appellee's counterclaim. It was alleged that the appellant abandoned his children and that the appellee was compelled to support and maintain them. A father is liable to a third person who advances money for the support and maintenance of his children, where the father abandons them without making any provision for their support. Hamilton v. Preston, 166 Ky. 61, 178 S. W. 1146. All the more should a mother be entitled to re-imbursement where she is compelled to maintain children when the father has abandoned them.

It is argued, however, that since the appellee did not plead that the appellant wrongfully abandoned her, it is not an unfair deduction to conclude that she, of her own choice, took the children and refused any offer of the appellant's assistance. We do not think this is a justifiable deduction in view of the allegation that the appellant abandoned the children without making provision for their support.

It is further suggested that the abandonment of the children furnished no basis for the claim for re-imbursement because other processes of law were available to the appellee, by which the childrens' rights to their father's support could have been enforced. Admittedly, other process of law was available for this purpose but the appellee was entitled to elect as to which process she would employ. The existence of one remedy is not necessarily the exclusion of another. We think the counterclaim stated a cause of action. Our conclusion does not take into consideration the question of limitation since no such question is before us.

The judgment is reversed on the appeal and on the cross appeal with directions to award the appellant a divorce and for further proceedings consistent herewith.