MOGENSKY *v.* MOGENSKY.

4-8238                                               204 S. W. 2d 782

Opinion delivered October 13, 1947.

*Jay M. Rowland,* for appellant.

*C. Floyd Huff, Jr.,* for appellee.

SMITH, J. This is an appeal from a decree of the Garland Chancery Court granting appellant's husband a divorce. It was alleged that the parties had lived apart, without cohabitation for a period of more than three consecutive years, and this allegation appears to be undisputed, at least it is proved by the testimony.

For the reversal of this decree it is insisted that a *bona fide* residence in this state was not shown as required in the recent case of *Cassen* v. *Cassen,* 211 Ark. 582, 201 S. W. 2d 585, where that question was raised by the answer of the defendant. Here, however, the question was not raised in the answer.

The testimony shows that appellee came to Hot Springs on May 10, 1946, and secured employment there, as a clerk in a store in which he was engaged when the decree was rendered, which was more than four months after he became a resident of Hot Springs.

The principal insistence for the reversal of the decree is that there has been no separation without cohabitation for the period of three years within the meaning of Act 20 of the Acts of 1939, p. 38, which makes that fact a ground for divorce. Appellee's testimony on that question was to the effect that after a prior separation which had continued from March, 1939, to August, 1940, he and his wife again separated on July 24, 1943, and that on July 31, 1943, he was inducted into the military service of the United States, and it is undisputed that the separation has continued since July 31, 1943, and that there has been no communication of any kind between the parties since that date.

The insistence is that appellee's period of service in the army should not be taken into account in determining whether the separation had continued for three years when the suit was filed. But the separation had occurred before appellee's induction into the army, and the running of the statute was not suspended by his military service, and had continued more than three years

when he filed suit for divorce. There was therefore, a separation for more than three years. *Schouler's Divorce Manual,* page 203; *Colston* v. *Colston,* 297 Ky. 250, 179 S. W. 2d 893.

The answer alleged that the separation and the continuation thereof was through no fault of appellant, but the statute makes that fact unimportant, save only in the settlement of the property rights of the parties and the question of alimony. *Clark* v. *Clark,* 201 Ark. 10, 143 S. W. 2d 540; *Jones* v. *Jones,* 201 Ark. 546, 145 S. W. 2d 748, and cases there cited.

The answer alleged that plaintiff had withdrawn money belonging to her which he should have returned. The only testimony in support of this allegation is an answer to an interrogatory reading as follows: ''We had an interest in my father's liquor store, but my husband, without my knowledge drew out $5,000 just before he left for the Army, and then he received $1,500 from my father for the shares of stock which were in his name. My father then took over the store.''

She did testify that ''We had an interest in my father's liquor store'' but she did not testify what her interest, if any, was and the testimony wholly fails to sustain this allegation.

Appellee testified ''We had a property settlement in either September or October, 1943, and there is no property to be divided between us now; and I don't own any property of any nature, other than an equity in an insurance policy.

The decree will be affirmed, but the entire costs of the case will be assessed against appellee.