MOHR *v*. MOHR.

4-8648                                      215 S. W. 2d 1020

Opinion delivered December 20, 1948.

Rehearing denied January 17, 1949.

*Fred S. Henderson, John F. Hanlon* and *D. K. Hawthorne;* for appellant.

*House, Moses & Holmes* and *O. W. (Pete) Wiggins,* for appellee.

ED. F. MCFADDIN, Justice. This is a divorce case, and is the sequel to the one between the same parties, styled *Mohr* v. *Mohr,* 206 Ark. 1094, 178 S. W. 2d 502. The present suit was filed by the husband, Gustav C. Mohr, in the Pulaski Chancery Court, on May 15, 1947; and the ground claimed for divorce was three years' separation—that is, the ground stated in the seventh subdivision of § 2 of Act 20 of 1939. The chancery court granted the husband a divorce by decree of September 16, 1947; and this appeal by the wife challenges that decree.

The background facts are recited in the previous opinion, and will not be re-stated. The evidence here shows that Mr. Mohr was an officer in the United States Army from some time prior to 1941 until January 1, 1946. He was overseas from April 5, 1944, until July 4, 1945. After his discharge from the service, he returned to St. Louis and resumed his work as a mail carrier, until he resigned his employment and moved to Little Rock, Arkansas, on February 9. 1947. There is ample evidence to sustain the finding that he is now

residing and domiciled in Arkansas. Appellee does not question that finding.

Mr. Mohr has not lived with or cohabited with Mrs. Mohr from some time in 1941 to and including the date of the trial from which comes this appeal. The evidence is clear that he definitely determined in 1941 that he would not live or cohabit with her, and that he has steadily adhered to that resolve despite all of her efforts to persuade him to return to her. Even though he is entirely at fault for the separation, nevertheless, he claims a divorce under our statute [1] which says:

"Where either husband or wife has lived separate and apart from the other for three (3) consecutive years, without cohabitation, the court shall grant an absolute decree of divorce at the suit of either party, whether such separation was the voluntary act or by the mutual consent of the parties, and the question of who is the injured party shall be considered only in the settlement of the property rights of the parties and the question of alimony."

Under this statute, Mr. Mohr is entitled to a decree of divorce, unless the time he spent in the armed forces interrupted the three-year period of separation. This is the only question presented by Mrs. Mohr on this appeal. Her able counsel cite us to our recent case of *Mogensky* v. *Mogensky,* 212 Ark. 28, 204 S. W. 2d 782, wherein the separation occurred *before* the husband went in the military service. There we said:

"The insistence is that appellee's period of service in the army should not be taken into account in determining whether the separation had continued for three years when the suit was filed. But the separation had occurred before appellee's induction into the army, and the running of the statute was not suspended by his military service, and had continued more than three years when he filed suit for divorce. There was, therefore, a separation for more than three years. Schouler's Divorce Manual, page 203; *Colston* v. *Colston,* 297 Ky. 250, 179 S. W. 2d 893."

---

[1] i.e., the 7th subdivision of § 2 of Act 20 of 1939.

From the above quotation the appellant argues that the separation in the case at bar commenced *after* Mr. Mohr entered the service, and so—appellant argues— Mr. Mohr's three-year period of separation was of military necessity and therefore not voluntary.

Cases from other jurisdictions cited by the appellee on this point are: *Margulies* v. *Margulies,* 92 N. J. Eq. 332, 112 Atl. 484; *Hyland* v. *Hyland,* 55 N. J. Eq. 35, 36 Atl. 270; *Hews* v. *Hews,* 7 Gray (Mass.) 279. These are well-reasoned cases. There could be a case presented wherein the party in the armed services was separated from his wife by military necessity, and could not use the military separation to effect a change in marital status. But the facts in the case at bar show beyond peradventure that Mr. Mohr definitely and openly disassociated himself from his wife some time in 1941, refused to live or cohabit with her, sued her for divorce (as shown by the previous case), refused to be reconciled with her, lived with another woman, and left St. Louis and moved to Arkansas. His intent to forever refuse to be Mrs. Mohr's husband has been continuous since 1941. We are convinced that the separation was the voluntary act of Mr. Mohr, quite irrespective of his military service or assignments. Under subdivision 7 of § 2, of Act 20 of 1939 it is his right to have a divorce. As we said in *Mogensky* v. *Mogensky, supra:* ''The answer alleged that the separation and the continuation thereof was through no fault of appellant, but the statute makes that fact unimportant, save only in the settlement of the property rights of the parties and the question of alimony. *Clark* v. *Clark,* 201 Ark. 10, 143 S. W. 2d 540; *Jones* v. *Jones,* 201 Ark. 546, 145 S. W. 2d 748, and cases there cited.''

The chancery court found that Mr. Mohr was entitled to a divorce, and that decree is affirmed. The property rights are not argued on this appeal; but all costs in this cause are to be paid by appellee.