0199

Linda Kay NIEMANN, Respondent, v. Gerald Wayne NIEMANN, Appellant.

(317 S. E. (2d) 472)

Court of Appeals

*Marsha E. Hass,* Charleston, *for appellant.*

*Thomas M. White,* Goose Creek, *for respondent.*

Submitted April 24, 1984.

Decided June 11, 1984.

GARDNER, Judge:

This appeal is from a divorce decree granted to Mrs. Niemann (the wife) on the statutory ground of continuous separation for a year. We affirm.

Mr. Niemann (the husband), a naval officer, was on involuntary sea duty during seven months of the one year period. He contends that the inclusion of the time spent on involuntary sea duty towards the twelve months needed for a no-fault divorce in South Carolina is contrary to public policy and a violation of the equal protection clause of the Fourteenth Amendment to the U. S. Constitution. We disagree.

Whether time spent out of the country on military duty should be counted towards the twelve months required for a no-fault divorce is a novel issue in South Carolina. We adopt the general rule applied in jurisdictions that have addressed the issue, i.e., when one's spouse serves in the military and the parties were separated before the military service began or when the separation is independent of military service, though during service, a divorce on the grounds of separation is proper. Annot., 35 A.L.R. (3d) 1238, § 7 (1971).

We find the parties' separation to be independent of the military service. The wife clearly manifested her intent that the parties be separated before the husband

left for sea duty. The record discloses that the parties separated on May 8, 1980; the husband resided alone in a beach house separate from the wife on the Isle of Palms before returning to sea duty in July of 1980. The wife's intent to and the fact that she did live separate and apart from the husband regardless of his sea duty is clear from the record. We therefore hold the trial judge was correct in granting the divorce on the ground of continuous separation for one year. This is consistent with cases in other jurisdictions. *Mogensky v. Mogensky*, 212 Ark. 28, 204 S. W. (2d) 782 (1947); *Benson v. Benson*, 66 Nev. 94, 204 P. (2d) 316 (1949); *Gardner v. Gardner*, 125 So. (2d) 463 (La. App. (2d) Cir. 1960).

In connection with the above, the husband argues that ██ the granting of this divorce is against public policy. We disagree. It is true that public policy relating to marriage is to foster and protect it. *Nolletti v. Nolletti*, 243 S. C. 20, 132 S. E. (2d) 11 (1963). Nevertheless, living separate and apart without cohabitation for a period of one year is a ground for divorce under South Carolina Code § 20-3-10(5), as amended. It is significant that this statute was passed to implement a constitutional amendment favorably approved by referendum.

The husband also contends that the application of Code ██ § 20-3-10(5), as amended, to persons on involuntary military duty constitutes a violation of the equal protection clause of the Fourteenth Amendment to the U. S. Constitution. We reject this argument. Statutes are to be construed in favor of constitutionality, and the court will presume a legislative act is constitutionally valid unless a clear showing to the contrary is made. *Floyd v. S. C. Employment Sec. Com.*, S. C., 316 S. E. (2d) 143 (1984). There has been no showing that the no-fault divorce provision is unconstitutional. Additionally, the contention is untenable because of our holding that the separation must be independent of involuntary sea duty. This fully protects members of the military from discrimination in divorce cases.

Accordingly, the appealed order is,

Affirmed.

SANDERS, Chief Judge and GOOLSBY, J., concur.