## Eldridge v. Eldridge

*Daniel J. Barrett,* for plaintiff.
*Richard Eldridge,* in *propria persona.*

SMITH, *J.,* April 6, 1993—Defendant has filed exceptions to a decree nisi in divorce granted under section 301(d) of the Divorce Code, 23 Pa.C.S. §3301(d), which requires that the parties have lived separate and apart for a period of two years prior to the entry of the divorce decree and that the marriage is irretrievably broken. The Pennsylvania Superior Court, in *Sinha v. Sinha,* 515 Pa. 14, 526 A.2d 765 (1987), had explained that more than physical separation is needed to satisfy the requirement of having lived separate and apart for the statutory period.

"There must be an independent intent on the part of one of the parties to dissolve the marital union before the [two] year period commences. *This intent must be clearly* manifested and *communicated to the other spouse....* The granting of a divorce under such circumstances would deprive the unknowing party an opportunity to attempt reconciliation, a specific policy goal of the legislature." (citation omitted) (emphasis added) *Id.* at 18-19, 526 A.2d at 767.

Defendant's exceptions claim that the evidence at the divorce hearing failed to establish that plaintiff had com-

municated to defendant, plaintiff's intention to dissolve the marriage. The court agrees.

The only testimony at the divorce hearing relating to plaintiff's communication of her intention to dissolve the marriage was her testimony relating to two occasions. The more recent occasion was when plaintiff was living in East Stroudsburg, Pennsylvania. Defendant came to visit plaintiff and the parties' child and all of them went to Hershey Park. Plaintiff's testimony was that she tried to be friendly to defendant, but "told him straight out that [she] had no intentions of ... reconciliation." (N.T., Divorce hearing, p. 12, lines 10-11.) Plaintiff also testified, however, that she had moved to East Stroudsburg approximately one and one-half years before the divorce hearing. (N.T., Divorce hearing, p. 8, lines 10-11.) Plaintiff's previous communication of her intention to dissolve the marriage occurred in February of 1991. At that time, plaintiff was living at Mountain Lake in Bradford County, Pennsylvania. Plaintiff allowed defendant to stay overnight with her, "but [she] told him before and after that [she] was not getting back together with him ... [,] [making] it clear to him that [she] did not want to get back together." (N.T., Divorce hearing, p. 16, lines 12-16.)

Because the divorce hearing occurred on January 25, 1993, plaintiff's evidence did not establish that a two-year separation, commencing with a manifest and communicated intention to dissolve the marital union, existed at the time of the hearing. Accordingly, the court must vacate the decree nisi in divorce.

## ORDER

And now, April 6, 1993, for the reasons set forth in the accompanying opinion, the court grants defendant's exceptions to the decree nisi in divorce and vacates the decree nisi. Defendant's exceptions relating to the issue of equitable distribution are dismissed as moot.