J-S41020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHARON D. RAGO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID A. RAGO | : | No. 1499 MDA 2019 |

Appeal from the Decree Entered September 11, 2019
In the Court of Common Pleas of Centre County Civil Division at No(s):
2013-4930

| | | |
|---|---|---|
| SHARON D. RAGO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID A. RAGO | : | |
| | : | |
| Appellant | : | No. 1738 MDA 2019 |

Appeal from the Decree Entered September 11, 2019
In the Court of Common Pleas of Centre County Civil Division at No(s):
2013-4930

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED DECEMBER 16, 2020**

Sharon D. Rago ("Wife") and David A. Rago ("Husband") cross-appeal from the decree of divorce. The parties challenge the court's equitable distribution order. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

The parties were married in 1976; Wife filed a complaint in divorce in 2013. The parties had one child ("Daughter"), who was an adult by the time of the divorce proceedings. The court held hearings on equitable distribution in May and October 2018. At the hearings, the parties contested the date of separation. Husband argued the parties separated in 2005, when he began to occupy the apartment on the lower level of the marital home. Wife claimed that the parties did not fully separate in 2005, as they reconciled in 2008, and finally separated in 2012, when they sold their marital residence in Babylon, New York. The parties offered conflicting testimony regarding the extent of their relationship, their use of the residence, and their activities together between 2005 and 2012. The court also took Daughter's testimony.

The parties further contested ownership of a residence in Florida that Husband purchased in 2009. Husband claimed that the property was not a marital asset because he bought it after the 2005 separation date and made the down payment using a $25,000 gift from his parents solely to him, and not to Wife. Husband testified that his father attempted to give him the money in 1994, when his mother died, but instead kept it until 1996, when he transferred it to a bank account co-owned by Husband and his father. According to Husband, his parents had intended the gift to be for his use only. *See* Trial Ct. Opinion, 10/7/19, at 2.

The court entered an equitable distribution opinion and order on January 23, 2019. The court found that the parties initially separated in 2005, but reconciled in 2008, when Husband moved back upstairs. Opinion and Order,

1/23/20, at 2. The court observed that "[e]ven when Husband lived downstairs, Wife cooked for all of them and did the laundry; Husband maintained the house and continued to deposit his checks into their joint account." *Id.* The court determined that "final separation occurred in November 2012 when the marital residence was sold." *Id.*

The court declared that the Florida property was not a marital asset, because "[i]t was purchased with money given to Husband by his parents which was held in a separate account in just his name." *Id.* at 4. However, the court found Husband's 401(k) to be a marital asset. The court divided the marital residence and Husband's 401(k), allocating 52% to Wife and 48% to Husband. The court entered a final divorce decree in September 2019, and the parties filed cross-appeals.

Wife presents the following issues for our review:

1. Whether the court committed an error of law and/or abused its discretion in failing to apply the date of separation to appropriately divide the parties' marital assets?

2. Whether the court committed an error of law and/or abused its discretion in determining husband received a gift of money from his parents when husband provided no documentation or other evidence of such a gift?

3. Whether the court committed an error of law and/or abused its discretion in determining husband maintained an alleged gift of money from his parents as a separate asset when husband provided no documentation of other evidence of such separation?

4. Whether the trial court committed an error of law and/or abused its discretion in determining a vacation home purchased during the marriage and prior to the date of separation is husband's separate property?

5. Whether the court committed an error of law and/or abused its discretion in determining a vacation home was purchased with husband's separate property where husband failed to provide any documentation relative to the source of the money used to purchase the vacation home?

Wife's Br. at 4-5 (suggested answers and answers below omitted). Husband states his issues as follows:

1. Whether the Court committed an error of law and/or abused its discretion in determining that the parties separated in November 2012, at the time the marital home sold, despite the fact that Husband lived independently in the downstairs apartment from 2005.

2. Whether the Court committed an error of law and/or abused discretion in determining that the parties reconciled in 2008[.]

3. Whether the court committed an error of law and/or abused its discretion in failing to find a separation in 2008 (after the parties reconciled), when the parties' daughter, who was a major cause of the separation, returned home from college a short time after leaving.

Husband's Br. at 6-7 (suggested answers and citations to the record omitted).[1]

Ultimately, the parties' issues boil down to whether the trial court erred or abused its discretion in determining the date of separation was in 2012 and in determining the Florida house was not marital property.

We begin with our standard of review:

We review a challenge to the trial court's equitable distribution scheme for an abuse of discretion. We do not lightly find an abuse

---

[1] In the Questions Presented portion of his brief, Husband also lists, "An Additional item: The Court inadvertently failed to equitably divide the burial plots." Husband's Br. at 7. As Husband makes no further mention of the parties' burial plots, we do not address this issue. *See Commonwealth v. Woodard*, 129 A.3d 480, 502 (Pa. 2015).

of discretion, which requires a showing of clear and convincing evidence. We will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. . . . If we fail to find an abuse of discretion, the order must stand. [I]t is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence.

*Conner v. Conner*, 217 A.3d 301, 309 (Pa.Super. 2019) (citations and quotation marks omitted).

Husband argues the date of separation was 2005. He claims this was when he fixed up the basement apartment and moved there "in anticipation of leaving the marriage." Husband's Br. at 18. Husband states that after 2005, he would only periodically go upstairs, and that in 2006, Wife told the police she did not want Husband upstairs anymore. Husband claims he did his own chores and the parties did not go out in public together and only cooperated on financial matters, such as filing joint tax returns and applying for food stamps, because both were unemployed. Husband claims he never moved back upstairs and never intended to resume the marital relationship. Husband argues any contrary testimony that Daughter offered was disingenuous because she has an interest in Wife's share of the equitable distribution. He maintains that the court's finding that the parties reconciled in 2008 penalizes Husband for acting civilly.

Wife argues the court correctly determined that the parties separated in 2012, when they sold their marital residence. Wife claims there is a presumption the parties separated when Wife filed the complaint in 2013, and

that Husband failed to carry his burden to prove a separation date seven years earlier. Wife claims the evidence reflects that after 2005, Wife would regularly prepare meals that she and Husband would share, she would wash Husband's laundry, and Husband and Wife shared common living areas. Wife also asserts that they fully reconciled in 2008. Wife claims Daughter's testimony confirms a separation date of 2012.

The parties agree that the issue requires determination of when the parties began to live "separate and apart" according to the Divorce Code. *See* Wife's Br. at 10; Husband's Br. at 16. The Code defines "[s]eparate and apart" as "[c]essation of cohabitation, whether living in the same residence or not." 23 Pa.C.S.A. § 3103. The phrase thus focuses on the existence of separate lives, not separate roofs. *See Frey v. Frey*, 821 A.2d 623, 628 (Pa.Super. 2003). In addition, the Code provides that "[i]n the event a complaint in divorce is filed and served, it shall be presumed the parties commenced to live separate and apart not later than the date the complaint was served." 23 Pa.C.S.A. § 3103; *McCoy v. McCoy*, 888 A.2d 906, 912 (Pa.Super. 2005). The party seeking to rebut the presumption bears the burden to prove that before the complaint was filed, one of the parties had the "'independent intent . . . to dissolve the marital union' and that the intent was 'clearly manifested and communicated to the other spouse.'" *McCoy*, 888 A.2d at 912 (quoting *Sinha v. Sinha*, 526 A.2d 765, 767 (Pa. 1987)).

Here, Husband and Wife resided together until they sold their marital residence in 2012. The parties presented conflicting evidence regarding their

relationship and the intertwinement of their affairs prior to that time. The court, as fact finder, was charged with determining the credibility of the parties and assigning weight to their testimony. After a review of the record, we find the trial court did not abuse its discretion in determining that neither party clearly expressed its intent to dissolve the marriage in 2005. **See McCoy**, 888 A.2d at 912 (affirming trial court's finding that parties did not live separate and apart until wife filed divorce complaint). We therefore affirm the court's finding that the date of separation was in 2012.

Next, Wife argues that the court erred in determining that the Florida house was not marital property because Husband purchased it using money he had received from his parents and kept in a separate account. Wife claims Husband provided no documentation of the gift or separate account in which he kept it, and the evidence at trial showed that Husband promptly spent any lump sums of money he received. Wife asserts Husband bought the property using marital funds before the parties separated in 2012. Husband contends the court properly credited his testimony regarding the source of funds for the Florida residence and found it equitable to award the Florida home to him.

Marital property subject to equitable distribution does not include "[p]roperty acquired by gift, except between spouses, bequest, devise or descent or property acquired in exchange for such property." 23 Pa.C.S.A. § 3501(a)(3); **see also Harvey v. Harvey**, 167 A.3d 6, 13 (Pa.Super. 2017). "Whether the interest is marital property or separate property for purposes of distribution of the marital estate is a matter within the sound discretion of the

trial court." **Perlberger v. Perlberger**, 626 A.2d 1186, 1196 (Pa.Super. 1993). "The trial court's findings of fact, if supported by credible evidence, are binding upon a reviewing court and will be followed." **Id.**

Here, the court credited Husband's testimony that his mother left him an inheritance of $25,000, which Husband kept separate from the parties' joint finances until he used it to buy the Florida house. Trial Ct. Opinion at 2-3. The court noted Wife did not present any evidence that the value of the home exceeded $25,000. **Id.** at 4. The court thus determined that the Florida house was not marital property. **Id.** at 4-5. As the court's factual finding has support in Husband's testimony, it is binding upon this Court. We therefore affirm.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2020